**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Anthony C. Odom,                    ) | |
|                                            ) | |
|           Plaintiff,                 ) | |
|                                            ) | Civil Action No.: 2:13-cv-00407-PMD |
|      v.                                ) | |
|                                            ) | |
| Northwestern Mutual Life Insurance Co., ) | **ORDER** |
|                                            ) | |
|                                            ) | |
|           Defendant.              ) | |

This matter is before the Court upon Northwestern Mutual Life Insurance Company's ("Northwestern Mutual" or "Defendant") Motion for Change of Venue pursuant to 28 U.S.C. § 1404 and Local Civil Rule 3.01(c) DSC. Defendant seeks an Order of the Court transferring the case from the Charleston Division to the Aiken Division of the United States District Court for the District of South Carolina. For the reasons set forth below, Defendant's motion is granted.

**BACKGROUND**

Plaintiff filed this action in the Charleston County Court of Common Pleas against Defendant for breach of contract and bad faith refusal to pay benefits due under a disability insurance policy. The allegations of the Complaint relate to whether Plaintiff is disabled under the policy and the extent of Plaintiff's purported disability. Because Plaintiff is seeking damages of not less than $2.25 million and Northwestern Mutual is a citizen of a state other than South Carolina, Defendant removed this matter pursuant to 28 U.S.C. § 1446 to the United States District Court for the District of South Carolina, Charleston Division. Thereafter, Defendant filed the motion now before the Court seeking a change of venue on grounds that for the convenience of the parties and witnesses, in the interest of justice, venue should be transferred to the Aiken Division. Plaintiff contests the motion.

1

## ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). This provision "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The movant has the burden to demonstrate that a transfer of venue is appropriate. *See Sw. Equip., Inc. v. Stoner & Co.*, No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010). However, this burden is relaxed when the "plaintiff sues in a forum which has no discernible connection with the controversy." *Id.* (citing *DeLay & Daniels, Inc. v. Allen M. Campbell Co.*, 71 F.R.D. 368, 371 (D.S.C. 1976)). The threshold requirement is that venue is proper in the proposed district. *United States v. $78,850.00 in U.S. Currency*, No. 2:05-1752-PMD, 2006 WL 2384709, at *3 (D.S.C. Mar. 9, 2006). That requirement is met in this case because Plaintiff brought this action in the Charleston County Court of Common Pleas, and Defendant removed the action to this Court, which is the district court "for the district and division embracing the place where such action is pending." *See* 28. U.S.C. § 1441(a). As such, venue in the District of South Carolina is proper. *See also Selective Ins. Co. of South Carolina v. Schremmer*, 465 F. Supp. 2d 524, 525 (D.S.C. 2006) ("The general venue statute is 28 U.S.C. § 1391, but venue in a removed case is governed exclusively by 28 U.S.C. § 1441(a) . . . ."). The parties disagree, however, over which *division* within the District of South Carolina should hear this case. Therefore, the Court must

consider whether transfer to the Aiken Division is in the interest of justice and will serve the convenience of the parties and witnesses. *See id.* at 527.[1]

Defendant raises the following issues, which it believes necessitate transfer to the Aiken Division: that the Aiken Division is more convenient to non-party witnesses; that the sources of proof are located within the Aiken Division; and that the Charleston Division has no discernible connection with the allegations or acts set forth in the Complaint.

Based on the fact that the allegations of the Complaint relate to whether Plaintiff is disabled under the policy and to what extent, Defendant submits that non-party witnesses—Plaintiff's treating physicians—would find the Aiken Division to be a more convenient forum. In support of this claim, Defendant attaches Plaintiff's Request for Disability Benefits where Plaintiff indicates that two of the three doctors who treated him are located in Aiken, South Carolina. Although one of Plaintiff's doctors is located in Columbia, South Carolina, and the doctor whom Defendant used to assess Plaintiff's claim is located in Augusta, Georgia, Defendant argues that the Aiken Division is a more proper venue than the Charleston Division. Namely, because Aiken is closer to Columbia than Charleston, and Augusta is 22 miles from the Aiken courthouse, compared with approximately 150 miles from the Charleston courthouse. In response, Plaintiff argues that because his key witness, the doctor in Columbia, and the doctor used by Defendant are not located in Aiken, the Aiken Division should not be favored over the

---

[1] The following factors are commonly considered:

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*Landers v. Dawson Constr. Plant, Ltd.*, 201 F.3d 436, 1999 WL 991419, at *2 (4th Cir. 1999) (unpublished table decision) (citations omitted).

3

Charleston Division. Plaintiff also states that even if this Court finds that there are more witnesses closer to Aiken than Charleston, this fact alone without supporting affidavits and reliable information regarding the expected importance of the witnesses is insufficient to overcome the burden place upon the Defendant.

There is little doubt that it is more convenient for both party's witnesses to travel to Aiken rather than Charleston. Notably, Plaintiff does not claim that there are potential witnesses who either live or work within the Charleston Division. Thus, if venue is transferred to the Aiken Division, the inconvenience complained of by Defendant in its motion would not be merely shifted to Plaintiff's witnesses. *See Sw. Equip., Inc.*, 2010 WL 4484012, at *2 (finding that "transfer of venue is inappropriate if the transfer merely shifts the burden of litigation from one party to the other"). The Court finds that this factor does weigh in favor of transferring venue. Similarly, in terms of the convenience of the parties, it appears that only Plaintiff's counsel will experience some degree of inconvenience upon a transfer because unlike Plaintiff, who resides in Aiken, Plaintiff's counsel resides in Beaufort, near Charleston County. Defendant's counsel is based out of Columbia, which is closer to Aiken than Charleston, and despite the fact that Defendant has an office in Charleston, and not Aiken, Defendant contends that all communications and correspondence regarding Plaintiff's claim were sent from its offices in Wisconsin, directly to Plaintiff's home address in Aiken. Additionally, access to sources of proof regarding Plaintiff's job duties and claims of disability is most convenient in the Aiken Division. Due to the nature of Plaintiff's claim, representatives from Plaintiff's former employers would likely be valuable sources of proof. According to Plaintiff's Request for Disability Benefits, one of Plaintiff's former employers, Sims Recycling, is located in Aiken

County, and the other, Augusta Fiberglass, is located in Blackville, South Carolina, located 30 miles from Aiken, and 103 miles from Charleston.

Although the Court recognizes that the travel involved here would not be substantial, it is evident that non-party witnesses will have to travel more and incur additional expenses if venue remains in Charleston and that access to sources of proof is most convenient in the Aiken Division. Therefore, the convenience and cost of obtaining witnesses, along with the convenience of the parties and the ease of access to the sources of proof in this case, all weigh in favor of transferring venue to the Aiken Division.

Lastly, Defendant contends that transfer is appropriate to the Aiken Division because the Charleston Division has little or no discernible connection to the controversy. *See Delay & Daniels, Inc.*, 71 F.R.D. at 371 ("Where, as here, plaintiff sues in a forum which has no discernible connection with the controversy, its weight is further diminished."). Moreover, a plaintiff does not have an absolute right to choice of forum in every case. *See id.* As Plaintiff points out, the principal connection this action has with the Charleston Division is that Defendant has an office in Charleston County. Plaintiff also obtained an attorney who is located in Beaufort County, which is nearer to Charleston than Aiken. Therefore, for these two reasons, this matter was filed in Charleston County. On the other hand, the Complaint does not allege that any acts or omissions occurred in Charleston. Moreover, Plaintiff does not dispute that Defendant's Charleston office did not handle any matters related to Plaintiff's policy or that the Northwestern Mutual Agent who assisted him is not located in Charleston.

Ultimately, the Court finds that the Aiken Division is the more appropriate division to hear this case. First, Plaintiff is a resident of Aiken County, which is within the Aiken Division. He has no connection to the Charleston Division. Second, all of the material witnesses reside

either in the Aiken Division or the Aiken Division offers lower costs for obtaining witnesses and other sources of proof should the case proceed to trial. Moreover, convenience of witnesses is a signification factor when determining whether transfer is warranted. Some courts have held that it is the most important factor and typically afford greater weight to convenience of non-party witnesses than party witnesses. *See Sw. Equip., Inc.*, 2010 WL 4484012, at *3. Finally, because this case is in the early stages, there is little chance that a transfer of venue will result in delay of prejudice to either side.

## CONCLUSION

Defendant has shown the Court that the convenience of the witnesses and parties will be served best by transferring the case under § 1404. Therefore, the Court exercises its discretion to transfer the case to the Aiken Division of the United States District Court for the District of South Carolina.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Change of Venue is **GRANTED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**April 8, 2013**
**Charleston, SC**

6